IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILSON BARTRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-17-958-M |
| ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| and JOHN DOE MANUFACTURER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant Marriott International, Inc.'s ("Marriott") Motion to Dismiss, filed October 4, 2017. On October 23, 2017, plaintiff filed his response, and on November 6, 2017, Marriott filed its reply.

I.    Introduction

This case arises from an on-the-job injury to plaintiff on August 20, 2016, while plaintiff was working for Marriott. Plaintiff was employed by Marriott as a dishwasher in its hotel in Norman, Oklahoma. Plaintiff alleges that approximately a year prior to August 20, 2016, the dishwashing machine began sounding as if it was about to burst and plaintiff, with the other dishwashers, continually reported this to both the management and maintenance department. Neither management nor maintenance repaired or removed the machine.

On August 20, 2016, the pipe underneath the dishwashing machine burst and spewed extreme hot water over the entire body of plaintiff and caused him to sustain severe bodily injuries, both physically and mentally. Marriott immediately began providing him with workers compensation benefits pursuant to the Administrative Workers' Compensation Act ("AWCA").

On June 30, 2017, plaintiff entered into a joint petition settlement of his workers' compensation claim.

On April 25, 2017, plaintiff filed the instant action in the District Court for Cleveland County, State of Oklahoma. On September 6, 2017, this case was removed to this Court. Marriott now moves this Court to dismiss plaintiff's cause of action against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and Okla. Stat. tit. 85A, § 5, due to lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

II.     Motion to dismiss standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

Marriott asserts, in part, that plaintiff's cause of action against it is barred by the exclusive remedy provisions in the AWCA. The exclusive remedy provisions provide, in pertinent part:

2

> A. The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have. . . .
>
> B. Exclusive remedy shall not apply if:
>
> \* \* \*
>
> 2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.

Okla. Stat. tit. 85A, § 5(A),(B)(2).

Having carefully reviewed plaintiff's Petition, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not alleged sufficient facts to plausibly show that his injury was the result of a willful, deliberate, and specific intent of Marriott to cause his injury. Specifically, the Court finds that plaintiff has not pled facts showing it is at least as likely as it is not that Marriott acted with the purpose of injuring plaintiff. While plaintiff has alleged facts showing that Marriott had knowledge that plaintiff's injury was substantially certain to result from its conduct, the AWCA

3

specifically provides that such allegations shall not constitute an intentional tort. Accordingly, the Court finds that plaintiff's Petition does not state a claim against Marriott that is not barred by the AWCA and that plaintiff's sole and exclusive remedy falls under the AWCA. The Court, therefore, finds that it has no jurisdiction over plaintiff's claims for damages against Marriott.

In his response, plaintiff seeks to avoid this result by asserting that Okla. Stat. tit. 85A, § 5(B)(2) is unconstitutional as a prohibited special law under Art. 5, § 46 of the Oklahoma Constitution. Plaintiff relies on *Wells v. Okla. Roofing & Sheet Metal, L.L.C.*, No. 112,844 (Okla. Civ. App. April 28, 2016), an unpublished Oklahoma Court of Civil Appeals decision reaching that result.[1] The *Wells* decision is on appeal to the Oklahoma Supreme Court. While the Oklahoma Supreme Court's decision will be final, based on this Court's review of *Wells*, other case law, and the parties' submissions, the Court finds § 5 is unlikely to be invalidated as a special law.

> Oklahoma has long recognized that the legislature can enact a workers' compensation scheme treating employee workplace claims against employers differently from claims asserted against third parties. Mo. Valley Bridge Co. v. State Indus. Comm'n, 207 P. 562, 564 (Okla. 1922). And there is no reason to assume that the Oklahoma Constitution would, in general, prevent the legislature from creating multiple types of claims based on the nature of a defendant's knowledge, intent, conduct, or other factors, or from defining the scope of the state's workers' compensation program on the same basis. Applying these principles here, it is difficult to see how the exclusivity provision results in an impermissible classification.

*Cornelsen v. S&A Manuf., Inc.*, No. CIV-16-959-HE, 2017 WL 1610384, at *2 (W.D. Okla. April 28, 2017). Additionally, having reviewed the parties' submissions, the Court finds that plaintiff has not shown a basis for avoiding the presumption of constitutionality that applies to any statute.

---

[1] In *Wells*, the Oklahoma Court of Civil Appeals examined the constitutionality of the intentional tort standard in Okla. Stat. tit. 85, § 12, which was effective until the Oklahoma legislature overhauled the workers' compensation laws in 2011. The successor statute in effect at the time of plaintiff's injury, Okla. Stat. tit. 85A, § 5, recites the same standard.

4

*See Lee v. Bueno*, 381 P.3d 736, 740 (Okla. 2016). The Court, therefore, finds that Okla. Stat. tit. 85A, § 5 provides the applicable standard in this case.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS Marriott's Motion to Dismiss [docket no. 7] and DISMISSES plaintiff's cause of action against Marriott. Additionally, in light of the dismissal of Marriott, the Court remands this case back to the District Court for Cleveland County, State of Oklahoma.

**IT IS SO ORDERED this 16th day of January, 2018.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE